**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER LEE, | Case No. 3:21-cv-513 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| PORTLAND GENERAL ELECTRIC COMPANY, | Title VII Discrimination, Retaliation and supplemental state law claims |
| Defendant. | **JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

    1.    Plaintiff brings this action to remedy violations of Plaintiff's statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* As well as supplementary state claims. Plaintiff seeks equitable relief as well as attorneys' fees and costs.

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.      Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4.      All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

   a.   On June 8, 2020, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case number EEEMRE200608-10748, Oregon Unlawful Employment Practices. BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 38D-2020-00664C for violation of Title VII of the Civil Rights Act of 1964.

   b.   On March 4, 2021, BOLI issued Plaintiff a right to sue letter for case number EEEMRE200608-10748.

   c.   On March 15, 2021, the EEOC issued Plaintiff a right to sue letter for charge number 38D-2020-00664C.

5.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

## III. PARTIES

6.      Plaintiff Christopher Lee is a citizen of the United States. At all times material, Plaintiff worked for Defendant in Multnomah County, Oregon.

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

7. Defendant Portland General Electric Company is an Oregon corporation. Defendant does regular and sustained business in Oregon, including Multnomah County, Oregon. Defendant has an office in Portland, Oregon, where Plaintiff was employed.

8. At all times relevant, Defendant's employees and supervisors, Richard Johnson, Wayne Hartwigsen, Adrian Swindells, Renee Nickels, and Kathryn Woods as their conduct is alleged herein were acting within the course and scope of their employment with the defendant.

## IV. GENERAL FACTUAL ALLEGATIONS

9. On September 23, 2019, Plaintiff began employment with Defendant as a P000932 Supervisor Field Line. Defendant placed Plaintiff on a six-month trial service when it hired him. Although Plaintiff was and is an experienced power transmission supervisor having worked in the past for several power transmission companies in supervisory positions, when Plaintiff went to work for Defendant, it provided him with little training concerning Defendants' company specific expectations of him.

10. In late December 2019, Defendant's Area Line Manager Richard Johnson came into the Portland Service Center Supervisor office and played a racially offensive video on his company issued mobile telephone which he displayed to Plaintiff and other workers. This video was offensive and not suitable for the workplace. The video that Johnson played at work mocked brown or dark-skinned and poor children from developing countries, offensively describing the gifts they would ask Santa for at Christmas. Children depicted in the video from the United States were depicted as requesting "normal" gifts. The brown or dark-skinned and poor children from developing countries depicted were allegedly from Venezuela, Paraguay, Yemen, Laos, and India. The video depicted the brown or dark-skinned children making pleas to Santa for gifts such as a stick, rainwater, a grenade launcher, or a flyswatter. Specifically, the following

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

culturally offensive and racist pleas to Santa Claus were made in the video under the guise of comedy:

> "Dear Santa, this is Raoul from Venezuela
> I want a stick
> To burn for heat
>
> Dear Santa, this is Lupe from Paraguay
> I want some rain
> So I can stop drinking my own urine
>
> Dear Santa, this is Aziz from Yemen
> I want a grenade launcher
>
> Dear Santa, this is Chang from Laos
> I want an electric scooter, a surfboard, roller blades, and a CD-ROM player
> Just kidding, I want a stick
>
> Dear Santa, this is gibberish from Calcutta
> I want a fly swatter
> One that doesn't hurt when you hit yourself in the face, and some Off
> Just kidding, I want a stick"

11. On September 26, 2019, Defendant assigned Plaintiff a company truck. At the time the truck was assigned to Plaintiff, he explained that his personal automobile was being shipped to Oregon from Hawaii by boat. Defendant's managers and supervisors told Plaintiff that Defendant's policy allowed Plaintiff to use the vehicle to drive to and from work and for his own incidental personal. Defendant's managers and supervisors explained that the truck was a job perk since Defendant expected Plaintiff to be available and on call for outages and emergencies.

12. While employed by Defendant, Plaintiff moved his residence on several occasions. Plaintiff moved some personal belongings using the company truck either because his car had not arrived from Hawaii or his belongings were too large to fit in his car.

13. The language of managers and supervisors employed by Defendant tended to be rather rough and offensive. On February 5, 2020, Plaintiff was at the Portland Service Center.

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Johnson went into the office of George Leyva, an interim manager. Plaintiff showed Leyva photographs of a collision on Hwy 213 in which a trailer flipped. Johnson said, "I would have liked to have seen the picture of the 'shit-stained' seat from the driver."

14. On February 11, 2020, Plaintiff called Defendant's Ethics Line to report the Johnson's conduct with the video. In this report to the unknown Ethics Line representative, Plaintiff reported the December incident where Johnson entered the Portland Service Center office and played the racially offensive video for several people that were in the office as well as other disrespectful conduct by Johnson.

15. On February 11, 2020, at 9:06 a.m., Plaintiff received an email directing him to have a meeting with Manager Wade Hartwigsen and Human Resources (HR) Business Representative Adrian Swindells to discuss Johnson's racially insensitive video that was played in December 2019.

16. Sometime on or after February 11, 2020, an investigation into Johnson's sharing of the racially sensitive video took place. To Plaintiff's best knowledge, the investigation team included Johnson, Operations Supervisor Mike Wolford, Field Supervisor Mike Strain, Operations Supervisor Renee Nickles, Operations Supervisor Derek Thill, Interim Manager George Leyva, other unknown employees including Human Resources and managers.

17. On February 27, 2020, Defendant's Manager/Union Liaison Scott Dearth called Plaintiff to discuss a performance review. Dearth told Plaintiff that the performance review was supposed to be delivered by Johnson, but Dearth said that Johnson had been instructed not to speak to Plaintiff following Plaintiff's ethics complaint about Johnson. Later, when Plaintiff received a written copy of the performance review, the document showed that Wolford was the person that filled out the performance review. There were no negative performance issues raised

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

by Defendant in the performance review. Plaintiff was not informed by Dearth or Wolford of any concern regarding inadequate performance.

18. On March 3, 2020, Plaintiff met with Johnson. During the March 3, 2020 meeting, Johnson behaved in an intimidating, irritated, and abrupt manner. Johnson told Plaintiff that from February 11, 2020, through March 2, 2020, he was told not to interact with Plaintiff. Johnson then asked Plaintiff, "What did I do that supposedly offended you?" Plaintiff told Johnson about the offensive video which he had reported to Human Resources and described their subsequent interactions. At first, Johnson was speechless, behaving as if he was unaware that Plaintiff had made a complaint to the Ethics Line. Next Johnson made the inaccurate and false claim that he believed that Plaintiff complained about him because Plaintiff was "miffed" that Nickles was promoted to Operations Supervisor. Plaintiff told Johnson that he had not complained about Johnson because Nickles received a promotion. Johnson told Plaintiff that he had ruined Johnson's career. Johnson said, "You have tainted my reputation and career," referring to Plaintiff's complaint to the Ethics Line.

19. Following the March 3, 2020 meeting, Plaintiff reported Johnson's behavior toward Plaintiff in the March 3, 2020 meeting to HR. Beginning March 4 through 6, 2020, Swindells and Plaintiff exchanged texts concerning Plaintiff's March 3, 2020 meeting that Plaintiff with Johnson.

20. On March 4, 2020, Plaintiff had a telephone conversation with Swindells. Plaintiff and Swindells discussed the meeting Plaintiff had with Johnson on March 3, 2020, the video that Johnson played on his telephone just before Christmas 2019, and the ethics complaint Plaintiff made about Johnson. Plaintiff asked Swindells if in his opinion Johnson's decision to display the racially offensive video at work was a violation of Defendant's policy set forth in its Code of

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Conduct. Swindells agreed that the video was a violation of policy and said that the video played by Johnson would be offensive to many. Plaintiff told Swindells that Johnson said to Plaintiff, "You have tainted my reputation and career."

21.     On March 9, 2020, Plaintiff met face to face with Swindells. They discussed the ethics violation Plaintiff had reported against Johnson, and more particularly, the comment that Johnson had said to Plaintiff on March 3, 2020 the ethics complaint that Plaintiff had raised tainting Johnson's career and reputation. Plaintiff questioned the appropriateness of Defendant permitting Johnson to have the March 3, 2020 one-on-one meeting with Plaintiff without having either a Human Resources representative or other neutral manager present to protect Plaintiff from retaliation. During the March 9, 2020 meeting, Swindells told Plaintiff he was setting up a meeting at Portland Service Center for Manager Hartwigsen to hear Plaintiff's complaints about Johnson.

22.     Swindells told Plaintiff that he contacted Hartwigsen and asked him to hear Plaintiff's complaints about Johnson's behavior during the March 3, 2020 one-on-one meeting. Plaintiff's meeting with meeting was set for March 10, 2020.

23.     On March 10, 2020, Johnson handed Plaintiff a document. Johnson said, "this is from Human Resources." The document spelled out that Plaintiff was receiving a bonus, a merit increase, percentage wage adjustment, and new annual salary based on his performance. On March 10, 2020, Hartwigsen canceled the meeting that Swindells asked him to have with Plaintiff to discuss Johnson's behavior. Hartwigsen rescheduled the meeting for March 20, 2020.

24.     On March 20, 2020, Wade Hartwigsen again canceled his meeting with Plaintiff. Hartwigsen cancelled that meeting just before it was scheduled to start.

25.     On March 23, 2020, Plaintiff's six-month trial service period with Defendant

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

ended. Plaintiff then became eligible for leave under the Oregon Family Leave Act (OFLA).

26. On Sunday, April 12, 2020, Plaintiff drove the company truck to a home in Woodburn where he had been living to pick up some personal possessions that he was moving to his new residence in Portland. That day Operations Supervisor Nickles sent Plaintiff a text. Operations Supervisor Nickles wrote "Hey Chris. Couple quick questions. . . . Why are we driving a company vehicle today? Anything wrong? What's up" On Sunday, April 12, 2020, at approximately 5:00 p.m. Plaintiff replied in text: "Nothing is wrong. I needed to get some things from my storage at in-laws and I cannot get it in my Miata." When Plaintiff returned to his home, Plaintiff texted and sent Nickles a photo of the things he had picked up which were in the back of his truck. Plaintiff wrote that he had been told that he could use the truck for incidental personal errands and de minimis use.

27. On Monday, April 13, 2020, Plaintiff received an email from Swindells stating that PGE was unable to substantiate Plaintiff's allegations against Johnson.

28. On April 14, 2020, Plaintiff submitted a change of residential address to Defendant, showing that he had moved to Portland. Plaintiff was entitled to an employee discount on electric service after passing probation.

29. On April 14, 2020, Plaintiff received a telephone call from Swindells following up on his April 13, 2020 email. During that telephone call, Swindells said that none of Plaintiff's reports about Johnson were being substantiated by Defendant's team which included Nickles, Wolford, Strain, Thill, and Leyva. Plaintiff discussed with Swindell's Plaintiff's report of the offensive video shown by Johnson, Johnson's accusation that Plaintiff has ruined his career, and Plaintiff's report of behavior by Johnson when interacting with him.

30. On April 15, 2020, Nickles called Plaintiff and said that she wanted to meet with

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

him that day because she was extending his trial service period. Plaintiff told Nickles that he had finished probation and the trial service period the month before.

31.   On April 15, 2020, following the call from Nickles, Plaintiff sent an email and asked to set up a meeting with Hartwigsen. Plaintiff wrote:

> Since the conversation that we had two months ago; things appear to have gotten worse. I was told by Adrian [Swindells] yesterday that whatever conversation that took place between Rich Johnson and myself in our one on one and the comment Rich [Johnson] made to me about 'tainting his career' could not be substantiated. Now, today I have been placed on an extended trial period and the looming deadline of a possible termination. Of course taking a company vehicle Sunday to my in-laws to get supplies and toilet tissue that we could not fit in my personal vehicle, a Miata, does not help my case; but I am, and have been committed to this Company, our customers, and the safety of both our crews and the public.

32.   On Wednesday, April 15, 2020, Plaintiff met with Nickles who told Plaintiff the following: Plaintiff was not meeting the expectations of his position; that Plaintiff's Trial Service Period (TSP) had been extended by six weeks effective April 15, 2020; and that his performance would need to immediately improve and sustain to remain employed by PGE. Nickles did not give Plaintiff any specific examples of how he was not meeting expectations. Plaintiff told Nickles that all the Performance Review he had received rated his performance as more than satisfactory.

33.   On April 20, 2020, Plaintiff received a text message from Nickles directing him to come back to the yard. Nickles wrote that she wanted to discuss the "next step." Plaintiff met with Swindells and Nickles. Swindells directed Plaintiff to "tell the truth" and accused Plaintiff of driving misconduct. Swindells pointed to a stack of paper records. Swindells said that these were company reports which proved that Plaintiff was making excessive personal use of the company truck. Plaintiff immediately examined the stack of driving records documents and noticed that the stack of documents were the driving records for another employee and were not

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Plaintiff's records. Swindells then sheepishly admitted that he must have printing out the wrong driving report and had the driving report for another employee. Plaintiff said, "I don't want to get people in trouble here, but when I came here, I was told by previous supervision that they used the vehicle to take their kids to school or pick them up and take them home." Plaintiff then told Swindell that Strain and Wolford told him that they had used the company trucks assigned to them to drop off and pick up their children at school.

34. On April 20, 2020, Plaintiff applied for OFLA medical leave. Plaintiff submitted a Certification of Health Care Provider signed by him and his doctor to Defendant. In that document, Plaintiff's doctor took time Plaintiff off work through May 11, 2020. Plaintiff was authorized to return to work on May 12, 2020.

35. On May 6, 2020, Plaintiff's doctor changed Plaintiff's medication. Plaintiff's physician then extended Plaintiff's OFLA leave until June 1, 2020. Plaintiff's doctor provided the off-work authorization to Defendant.

36. On May 8, 2020, Plaintiff was directed to participate a Microsoft Teams video call set up by Defendant's Leaves and FMLA Specialist Kathryn Woods. Also on the call were Nickles and Swindells. During the meeting, Woods said:

> "So I wanted to follow up with you Chris about your leave. We did receive your leave extension forms yesterday I believe, but I wanted to let you know the Company is not able to extend the leave past the current approval of the 11th. The reason we are not extending the leave past Monday is because you will no longer be eligible for leave due to no longer being an employee past Monday. I imagine you have questions about what that means. I have Adrian and Renee on the line so they can provide you some more information about that. Leave is approved through Monday, but we are not able to extend it past that date. I will drop off the line to respect your privacy. Anything further for me before I drop off?"

Swindells then told Plaintiff that Plaintiff was terminated as of May 12, 2020.

37. On May 8, 2020, Defendant prepared a letter terminating Plaintiff's employment.

PAGE 10 – COMPLAINT AND DEMAND FOR JURY TRIAL

Law Offices of Daniel Snyder
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

On May 13, 2020, Plaintiff received the termination letter.

38.     Plaintiff's claims under Oregon law are timely filed. Effective June 30, 2020, House Bill 4212 extends the statute of limitations for claims that have expired or will expire during the state of emergency declared by Oregon's Governor Kate Brown in response to the COVID-19 pandemic.

39.     On February 25, 2021, Oregon Governor Kate Brown issued Executive Order No. 21-05, which is the sixth extension of Executive Order No. 20-03 and the COVID-19 State of Emergency since her original order declaring an emergency on March 8, 2020. Based on this latest extension, Executive Order 20-03 and the COVID-19 State of Emergency will be extended for an additional 60 days, through May 2, 2021, unless extended or terminated earlier by the governor.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. §2000e-2 – Retaliation)

40.     Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

41.     At all material times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e(b).

42.     Defendant discriminated and retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff reported, and opposed discrimination based on race and national origin.

43.     As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

44.     Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

further discrimination and retaliation.

45.	Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

46.	Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

47.	To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

48.	Pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1988, the Plaintiff is entitled to recover his reasonable attorney fees and costs, including expert witness fees.

49.	Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF

### (ORS 659A.030(1)(f) – Retaliation)

50.	Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

51.	In violation of ORS 659A.030(1)(f), Defendant discriminated and retaliated against Plaintiff with respect to the terms and conditions of his employment because Plaintiff reported and opposed Defendant's race and national origin discrimination.

52.	As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

53.   Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

54.   Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

55.   Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

56.   To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

57.   Pursuant to ORS 659A and ORS 20.107, the Plaintiff is entitled to recover his reasonable attorney fees and costs, including expert witness fees.

58.   Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## THIRD CLAIM FOR RELIEF

### (OFLA interference, discrimination and retaliation)

59.   Plaintiff re-alleges all relevant paragraphs above as though fully restated herein.

60.   Plaintiff took medical leave protected by the OFLA.

61.   Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year 2019.

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

62. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year 2020.

63. Immediately prior to commencing family leave in 2020, Plaintiff worked for Defendant for more than 180 days.

64. Plaintiff worked an average of more than 25 hours per week for Defendant during the 180 days immediately preceding the date on which Plaintiff commenced family leave.

65. At all material times, Plaintiff had a serious health condition as that term is defined in ORS 659A.150(6).

66. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

67. As a result of defendant's interference, discrimination and retaliation against Plaintiff, Plaintiff suffered and continued to suffer economic losses, emotional distress, and other nonpecuniary losses.

68. As a result of defendant's discrimination and retaliation against Plaintiff, Plaintiff is entitled to equitable relief.

69. Pursuant to 659A.885, Plaintiff is entitled to recover back pay.

70. The court should enter an order declaring that defendant violated the OFLA.

71. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

72. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

PAGE 14 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

73. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FOURTH CLAIM FOR RELIEF

### (ORS 659A.199 – Whistleblower)

74. Plaintiff re-alleges all relevant paragraphs above as though fully restated herein.

75. Plaintiff reported to Defendant conduct that Plaintiff believed was evidence of a violation of state or federal law, rule, or regulation.

76. Defendant discriminated and retaliated against Plaintiff because of the report made by Plaintiff. Defendant's actions violated ORS 659A.199, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

77. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

78. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

79. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

80. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

81. To the extent any amount awarded to Plaintiff is for damages occurring prior to

PAGE 15 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

82. Pursuant to ORS 659A and ORS 20.107, the Plaintiff is entitled to recover his reasonable attorney fees and costs, including expert witness fees.

83. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF

### (Wrongful Termination)

84. Plaintiff realleges all relevant paragraphs.

85. Defendant's conduct, as alleged, was in retaliation for Plaintiff assertion of Plaintiff's state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

86. Plaintiff's remedies under state and federal statutory law do not constitute a complete remedy for the damage Defendant has inflicted.

87. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

88. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

89. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair

PAGE 16 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

by a jury.

90. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

91. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

92. Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorney fees and expert witness fees.

93. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## PRAYER FOR RELIEF

Plaintiff prays for the following judgment against Defendant:

1. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

3. Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

4. Plaintiff's costs and disbursements incurred herein;

5. Plaintiff's attorney fees; and

//////

//////

//////

PAGE 17 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

6. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: April 6, 2021

**Law Offices of Daniel Snyder**

*/s/ Daniel Snyder*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249

Of Attorneys for Plaintiff

PAGE 18 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Law Offices of Daniel Snyder**
Attorneys at Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249